UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIEL SMITH, an individual, and DANETTE SMITH, an individual,<br><br>                              Plaintiffs,<br><br>        v.<br><br>NORTHWEST TRUSTEE SERVICES, INC., a corporation; FEDERAL NATIONAL MORTAGAGE ASSOCIATION, a corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS (MERS), a corporation; and SUNSET MORTGAGE, INC., a corporation,<br><br>                              Defendants. | NO:  CV-13-3124-RMP<br><br>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT |

Defendants SunTrust Mortgage, Inc. ("SunTrust"), Federal National

Mortgage Association ("Fannie Mae"), and Mortgage Electronic Registration

Systems, Inc. ("MERS") move for summary judgment and dismissal with

prejudice of Plaintiffs Daniel and Danette Smith's Complaint against them.  ECF

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ~ 1

No. 14.  Defendant Northwest Trustee Services ("NWTS") filed a declaration in

support of the motion for summary judgment.  ECF No. 21.  Plaintiffs, who are pro

se, have not filed a response.  *See* ECF No. 23.

                           BACKGROUND

       Plaintiffs borrowed $153,000 from SunTrust to purchase real estate in

Yakima, Washington.  ECF No. 16 at 3.  Plaintiffs executed a promissory note

dated August 14, 2008, payable on the order of SunTrust for the principal amount

of the loan.  ECF No. 16-1.

       To secure their obligation due under the note, Plaintiffs granted a deed of

trust to the trustee Washington Administrative Services, Inc., identifying MERS as

the beneficiary, "acting solely as a nominee for Lender and Lender's successors

and assigns."  ECF Nos. 16 at 4; 16-2 at 1.

       Before discussing the remaining facts, the Court briefly summarizes relevant

background on deeds of trust and MERS.  A deed of trust is a form of a three-party

mortgage.  18 WILLIAM B. STOEBUCK & JOHN W. WEAVER, WASHINGTON

PRACTICE: REAL ESTATE: TRANSACTIONS § 20.1 (2d ed. 2004).  A borrower takes

on a debt to a beneficiary, "and, as security for that obligation, the 'grantor'

conveys an estate in land to a third-party 'trustee.'"  *Id.*  The trustee has the power

to foreclose by nonjudicial sale if the borrower defaults.  *Id.*  The beneficiary may

replace the trustee.  RCW 61.24.010(2).

The MERS system places a fourth party into the deed of trust arrangement. *Bain v. Metro. Mortgage Grp., Inc.*, 175 Wn.2d 83, 96-7 (2012). In addition to the lender (who traditionally is the beneficiary of the deed of trust), the borrower, and the trustee, MERS steps in as a nominee for the lender. *Id.* at 88, 96-97. MERS maintains an electronic registry that tracks mortgage rights. *Id.* at 95. "This was intended to reduce the costs, increase the efficiency, and facilitate the securitization of mortgages and thus increase liquidity." *Id.*

In this case, beginning in January 2010 Plaintiffs defaulted on their loan by failing to make monthly payments. ECF No. 16 at 5. After Plaintiffs defaulted, SunTrust caused MERS, acting as SunTrust's nominee, to assign its interest in the deed of trust to SunTrust. ECF Nos. 16 at 5; 16-3. Acting as the beneficiary of the deed of trust, SunTrust then appointed NWTS to serve as successor trustee. ECF Nos. 16 at 5; 16-4.

Plaintiffs did not cure the default in their loan payments. ECF No. 16 at 5. On or after October 19, 2011, NWTS provided SunTrust with notice of a trustee's sale scheduled for January 20, 2012. ECF No. 16 at 5. NWTS issued the same notice to Plaintiffs. *See* ECF Nos. 1-1 at 5; 16 at 5. The trustee's sale was canceled because Plaintiffs filed for bankruptcy. ECF No. 16 at 6. However, a second trustee's sale was scheduled for July 26, 2013. ECF No. 16 at 6. NWTS issued Plaintiffs a second notice of trustee's sale. ECF No. 16 at 6. Shortly after

July 26, 2013, NWTS informed SunTrust that the property was sold to Fannie Mae at the trustee's sale for $206,631.80 and that NWTS had issued its trustee's deed to Fannie Mae.  ECF No. 16 at 6.

SunTrust asserts in an affidavit that it attempted to work with Plaintiffs to modify their mortgage loan so that they could keep their home, but that Plaintiffs did not comply with loan modification requirements.  ECF No. 16 at 6.

Plaintiffs have not responded to the motion for summary judgment.  *See* ECF No. 23.  In their complaint, Plaintiffs allege that MERS unlawfully assigned the deed of trust to SunTrust and that SunTrust unlawfully appointed NWTS as the successor trustee under the deed of trust.  ECF No. 1-1 at 5.  Plaintiffs also claim that the notice of trustee's sale was deficient and that Defendants neglected to offer mediation or discuss other options for avoiding foreclosure.  ECF No. 1-1 at 6.

Plaintiffs seek to set aside the trustee's sale of the property, to cancel the trustee's deed acquired through the sale, and to obtain damages for wrongful foreclosure.  ECF No. 1-1 at 7-9.  Defendants SunTrust, Fannie Mae, and MERS move for summary judgment.  ECF No. 14.  The Court assumes that Defendant NWTS joins the motion because it filed a declaration in support of summary judgment, ECF No. 21.

ANALYSIS

Before turning to the summary judgment issues, the Court considers Defendants' request for judicial notice of certain facts. ECF No. 17. To be eligible for judicial notice, a fact must be one not subject to reasonable dispute because it is generally known or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

Defendants' request for the Court to take judicial notice is unexpected. Defendants explain in their briefing that a court may take judicial notice of facts without converting a motion for dismissal into one for summary judgment. ECF No. 17 at 3. However, Defendants' motion *is* a motion for summary judgment, so Defendants had the opportunity to support their request with admissible evidence. *See* Fed. R. Civ. P. 56(c). Actually, multiple facts discussed in the request for judicial notice are also supported by evidence submitted with the motion for summary judgment. *See* ECF Nos. 16 at 3-4, 16-1; ECF Nos. 16 at 6, 16-7; ECF No. 16 at 6-7. Nevertheless, due to Defendants' request and the requirement for the Court to take judicial notice of facts when properly supported and requested by a party, *see* Fed. R. Evid. 201(c)(2), the Court briefly considers Defendants' request.

The Court takes judicial notice of only fact five, to the extent that the copy of the Yakima County Court docket shows that Plaintiffs did not file a lawsuit against Defendants until September 10, 2013. *See* ECF No. 17-1 at 16.

The Court declines to take judicial notice of the remaining factual assertions because Defendants have not shown that the facts are beyond reasonable dispute. These facts include the details of Plaintiffs' real estate purchase, the fact that the first trustee's sale was discontinued, the assertion that notice of the second trustee's sale was recorded and issued to Plaintiffs, and the fact that SunTrust is exempted from Washington's Foreclosure Fairness Act. ECF No. 17 at 4-7. Defendants support these facts with various publically available documents. ECF No. 17-1.

Defendants correctly state that courts may take judicial notice of public documents, but such notice is limited to the existence and authenticity of the documents rather than allowing notice of the truth of their contents. *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) ("[W]hen a court takes judicial notice of another court's opinion, it may do so 'not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.'") (quoting *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426-27 (3rd Cir. 1999)); *Cactus Corner, LLC v. U.S. Dep't of Agric.*, 346 F. Supp. 2d 1075, 1099 (E.D. Cal. 2004) *aff'd*, 450 F.3d 428 (9th Cir. 2006) ("The existence and authenticity of a

document which is a matter of public record is judicially noticeable such as the authenticity and existence of a particular order, pleading, public proceeding, or census report, which are matters of public record, but the veracity and validity of their contents (the underlying arguments made by the parties, disputed facts, and conclusions of fact) are not.").

Aside from fact five, Defendants' asserted facts are not appropriate for judicial notice. Moreover, Defendants have offered evidence of the remaining facts in support of their motion for summary judgment. *See* ECF Nos. 16 at 3-4, 16-1; ECF Nos. 16 at 6, 16-7; ECF No. 16 at 6-7. Judicial notice of facts one through four is unnecessary.

Having resolved the request for judicial notice, the Court turns to Defendants' motion for summary judgment. Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A "material" fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. *T.W. Elec. Serv. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The party asserting the existence of a material fact must show "'sufficient evidence supporting the claimed factual dispute . . . to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *T.W. Elec. Serv.*, 809 F.2d at 630 (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). The nonmoving party "may not rely on denials in the pleadings, but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991).

Here, Plaintiffs' failure to respond to the motion for summary judgment justifies granting judgment against them. Pursuant to the Local Rules, Plaintiffs' response was due 30 days after the motion for summary judgment was mailed on March 5, 2014. LR 7.1(b)(2)(A); ECF No. 14 at 16. A party's failure to comply with the requirements of LR 7.1(b) "may be deemed consent to the entry of an Order adverse to the party who violate[d] [the rule]." LR 7.1(d). The Clerk of Court warned Plaintiffs of this result, advising them that "[a] failure to file a timely response is considered consent to the moving party's summary-judgment motion, and the Court could then enter summary judgment in the moving party's favor and close this case without a trial." ECF No. 20 at 2. Plaintiffs' failure to respond is alone a sufficient basis to grant the motion for summary judgment.

However, the motion for summary judgment succeeds on its merits as well.

1       Plaintiffs object that MERS unlawfully assigned the deed of trust to

2   SunTrust.  ECF No. 1-1 at 5.  The Court can discern no reason why MERS would

3   be prohibited from conveying its interest in the deed of trust back to SunTrust upon

4   the latter's request.  In fact, the Washington State Supreme Court recently

5   concluded that "only the actual holder of the promissory note [i.e., not MERS] . . .

6   may be a beneficiary with the power to appoint a trustee to proceed with a

7   nonjudicial foreclosure on real property," although the court declined to decide the

8   legal effect of MERS acting as a beneficiary without legal authority.  *Bain*, 175

9   Wn.2d at 89, 114.  SunTrust apparently avoided this issue by reacquiring its full

10  status as a beneficiary before appointing a successor trustee.  Also, contrary to

11  Plaintiffs' assertion in the complaint, ECF No. 1-1 at 5, SunTrust was authorized to

12  appoint NWTS as a successor trustee because SunTrust was the beneficiary to the

13  deed of trust.  *See* RCW 61.24.010(2).

14      According to the complaint, Defendants failed to comply with statutory

15  requirements to provide notice of default and to offer mediation.  ECF No 1-1 at 6

16  (citing RCW 61.24.030(8); RCW 61.24.160).  However, Defendants filed a

17  declaration stating that notice of default was issued on or about January 29, 2013.

18  ECF No. 21 at 3.  The attached notice of default advises that mediation may be

19  available and that the borrower should contact a housing counselor or an attorney.

20  ECF No. 21 at 5.

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ~ 9

Moreover, a federally insured depository institution that is not a beneficiary of deeds of trust in more than 250 trustee sales of residential property in a year is exempt from the foreclosure mediation program for the following year.  RCW 61.24.166.  SunTrust states in an affidavit that it was exempt from the mediation requirement in 2013.  ECF No. 16 at 6-7.

Plaintiffs also claim that Defendants did not provide adequate notice required by the deed of trust, that Defendants failed to discuss alternatives to foreclosure, that Plaintiffs were not informed of their appeal rights, and that the notice of trustee's sale was materially defective.  ECF No. 1-1 at 7-9.  However, without any evidentiary support to rebut Defendants' contrary evidence, the Court must find that there are no genuine issues of material fact and grant summary judgment for the Defendants.

## CONCLUSION

Defendants are entitled to summary judgment.  Plaintiffs did not respond to the motion for summary judgment, exposing them to adverse judgment under the terms of the Local Rules and failing to raise any genuine issues of material fact.  In addition, summary judgment is appropriate for the previously stated substantive reasons.

1    Accordingly, **IT IS HEREBY ORDERED** that Defendants SunTrust,

2 Fannie Mae, and MERS' Motion for Summary Judgment, **ECF No. 14**, is

3 **GRANTED**.

4    The District Court Clerk is hereby directed to enter this Order, enter

5 Judgment **with prejudice**, provide copies of this Order to counsel and to pro se

6 Plaintiffs, and **close** this case.

7    **DATED** this 30th day of May 2014.

8

9    _____s/ Rosanna Malouf Peterson_____
     ROSANNA MALOUF PETERSON
     Chief United States District Court Judge

10

11

12

13

14

15

16

17

18

19

20